IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN NELMS, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : NO. 5:13-CV-0167-MTT-MSH |
| | : |
| STATE BOARD OF PARDONS | : |
| AND PAROLES, and THURMAN | : |
| L. HENDERSON | : |
| | : |
| Defendants. | : |

## ORDER

Plaintiff John Nelms, a prisoner confined at the Georgia Diagnostic and Classification Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff subsequently filed a Motion to Amend (Doc. 6), and that motion was granted in an Order dated June 3, 2013 (Doc. 9). No amended complaint was filed, however. Thus, the Court has now completed the required preliminary review of Plaintiff's original Complaint (Doc. 1). See 28 U.S.C. § 1915A(a).

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most

favorable to the plaintiff, fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §1915A(b)(1).  *See also* 28 U.S.C. §1915(2)(B) (requiring the same when a plaintiff is proceeding in forma pauperis).

The present action arises out of Defendants' alleged failure to consider Plaintiff for parole.  Plaintiff is a state inmate serving a life sentence.  Though it is somewhat difficult to decipher, Plaintiff's Complaint appears to allege that the Georgia Board of Pardons and Paroles – and specifically "Thurman Henderson" – (1) improperly denied Plaintiff "the appropriate evaluation regarding . . . the history of his case;" (2) improperly imposed an eight year set-off for reconsideration; and (3) failed to issue a mandatory order regarding Plaintiff's classification, eligibility for classes, and/or facility placement.  Plaintiff claims that Defendants' actions violated his right to due process and that application of the rule allowing for an eight year set-off for reconsideration of parole in life-sentence cases violated the Constitution's *Ex Post Facto* clause.

Plaintiff's allegations, even when viewed in the light most favorable to Plaintiff, fail to state a due process claim.  A Georgia inmate has no constitutionally protected liberty interest in parole, "and may not pursue a claim in federal court alleging that the Board's exercise of its discretion to deny him parole was a violation of his due process rights."[1] *Hutchins v. Members of GA Bd of Pardons and Paroles*, No. 1:07-cv-1824-TWT, 2007 WL 2570769, at *2 (N.D. Ga. Aug. 30, 2007); *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001); *Sultenfuss v. Snow*, 35 F.3d 1494, 1502 (11th Cir. 1994) (en banc)).  Prisoners likewise have no protected interest in being classified at a certain security level, housed in a certain prison, or enrolled in educational courses.  *See Kramer v. Donald*, 286 F. App'x

---

[1] The only caveat to this rule is if the prisoner can demonstrate that the Board used of false information in reaching their decision.  *See Jones*, 279 F.3d at 946.  Plaintiff's Complaint does not allege the use of false information; Plaintiff only alleges that the Board "made the wrong decision."

674, 676 (11th Cir. 2008); *Hernandez v. Koon*, No. CV411–071, 2011 WL 1884229, at *1 (S.D. Ga. May 17, 2011) ("federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs") (quoting *Jackson–El v. Spiker*, No. 11-cv-10836, 2011 WL 1701005 at * 2 (E.D.Mich. May 4, 2011)).

Plaintiff has additionally failed to state a viable *Ex Post Facto* claim.  The *Ex Post Facto Clause* bars "enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249-50, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000); *United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001) (emphasis added).  "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." *Garner,* 529 U.S. at 250.

At issue here is an administrative rule amendment which reduced the frequency of required parole reconsideration hearings from every three years to every eight years. *See Spear v. Nix*, 215 F. App'x 896, 900 (11th Cir. 2007) (addressing the same rule); Ga. Comp. R. & Regs. 475-3-.05 (providing for reconsideration of parole every eight years). The retroactive application of this policy does not necessarily violate *Ex Post Facto* Clause. *Garne*r, 529 U.S. at 256.  "[A]n analysis of claims that [this administrative rule] violates the *Ex Post Facto* Clause when applied to inmates who had been entitled to more frequent parole reconsideration at the time they committed their crimes must be made on a case-by-case basis." *Smith v. Georgia Bd. of Pardons and Paroles*, 160 F. App'x 836, 838 (11th Cir. 2005) (quoting *Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir. 2000)).

The Court need not engage in the required analysis here, however.  Plaintiff has not alleged that the rule was applied *retroactively* in his case.  *See Spear*, 215 F. App'x at

900. According to his Complaint, Plaintiff was convicted in 1989. This was four years *after* the Board's policy was first amended to provide for an eight year set-off.[2] *See id.* (concluding that eight-year set-off was not retroactively applied to prisoner convicted in 1990). The allegations in Plaintiff's Complaint thus fail to show that he could prove an *Ex Post Facto* violation in his case. *See id.*

To the extent Plaintiff may have also attempted to state an equal protection claim, his allegations fail to do so. Plaintiff alleges that "*other inmates are allowed to receive those groups and class for their nature of their offense . . . [and] only receive a three year set off.*" (Complaint at p. 4). The Complaint, however, does not allege any fact suggesting that Plaintiff was treated differently based on a constitutionally protected interest; nor does it identify facts sufficient to state a possible "class of one" equal protection claim. *See Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001); *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006)).

For all of these reasons, Plaintiff's Compliant shall be **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

The dismissal of this Complaint does not relieve Plaintiff of his obligation to pay the full filing fee. As noted in a prior order, Plaintiff is still obligated to pay the full $ 350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). For this reason, it is hereby **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the

---

[2] In *Spear*, the Eleventh Circuit noted that, "[a]lthough the pertinent policy statement was enacted in 1996, the Board amended its parole-consideration rules in 1985 to provide for reconsideration every eight years." *Id.* at 900*; see also Harris v. Hammonds*, 217 F.3d 1346, 1348 (11th Cir. 2000) (stating that the 1986 version of Ga. Comp. R. & Regs. 475-3-.05 required a parole-reconsideration hearing at least once every eight years); *Lemley v. Bowers*, 813 F. Supp. 814, 816 (N.D.Ga. 1992) ("In 1985, the Board amended its rules again, this time to provide for a reconsideration hearing at least every eight years.").

-5-

full filing fee. The agency having custody of Plaintiff is likewise **DIRECTED** to forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The Clerk of Court shall accordingly send a copy of this Order to warden and/or business manager of the facility in which Plaintiff is currently confined.

Filing fees paid are not refundable, regardless of the outcome of Plaintiff's case. It is thus further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full. If Plaintiff is released from custody and fails to remit payments, collection of any balance due will be authorized by any means permitted by law.

**SO ORDERED** this 20th day of August, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr